## MADDOX *et al. v.* BRAMLETT *et al.*

A decision of this court made adversely to counsel present and ready to argue the cause, but not heard from, will be re-examined in the light of full argument ; but if found correct, the decision will be adhered to notwithstanding the inadvertence of the court in making it up and announcing it without having heard the argument beforehand.

February 26, 1890.

Motion for rehearing. Practice in Supreme Court. .

Reported in the decision.

PERRY & DEAN and W. F. FINDLEY, for movants.

J. B. ESTES, S. C. DUNLAP and H. THOMPSON, *contra.*

BLECKLEY, Chief Justice.

The case was argued in behalf of the plaintiffs in error on December 4th. At the conclusion of the opening argument, the members of the court being all of.opinion that the decision below was correct, counsel for defendants in error were informed that argument from them was unnecessary. They handed up their briefs without being heard. An entry was made upon the docket in these words : "*Deft. not heard from*," and the court passed on to other cases. At the first consultation, the members of the court all thought the judgment should be affirmed, and it was agreed so to decide the case. Thereupon an opinion was prepared, and for a day or two the case was supposed to be finally decided; but a subsequent examination of the prepared opinion, together with a closer study of the record as to the precise allegations of the complaint, caused a change in the views of the court, and a judgment of reversal was substituted, not, however, without examining the briefs of counsel on both sides, but in utter forgetfulness that one side had not been heard in oral argument. The opinion for reversal was written out, and the judgment delivered on the 9th of December. Soon afterwards the *remittitur* was forwarded by the clerk to the court below. On the 16th of December, counsel for the defendants in error appeared and filed a petition for a rehearing. The court then examined the docket and noticed the entry upon it which is transcribed above. This entry, of course, was treated as satisfactory evidence that the facts alleged in the petition were true ; but because of uncertainty as. to the power of the court to grant a rehearing after the *remittitur* had been sent down, no immediate action was taken. On the 17th of January, however, an order was passed withdrawing the *remittitur*, and calling upon counsel for the plaintiffs in error to show cause why a

rehearing should not be had. On the 7th of February cause was shown and both parties were heard on the application, and, at the same time, fully but informally upon the merits of the original case. Since this discussion we have deliberated again upon the case, and re-examined the judgment of reversal and the grounds of it as expressed in the filed opinion. Being still satisfied that we decided the case correctly, and seeing no cause to modify the opinion in any respect, we simply adhere to what has been done, and decline to pass any further order touching the matter except to discharge the rule to show cause, and revoke and annul the order granted on the 17th of January in so far as it withdraws the *remittitur* or seeks to interfere with its regular operation.

A simple reference to the docket, which was the appropriate duty of the writer hereof, would have prevented any premature decision of the case after the first impressions were changed. This unfortunate omission, like most other failures in duty, has produced painful consequences, certainly to ourselves, and perhaps to others. We are confident, however, that the right end has been attained, although the means of reaching it have been attended with want of regularity, amounting to a temporary withholding, by inadvertence, of a constitutional privilege.  *Rule discharged.*